# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

NEELU PAL,

    Plaintiff,

v.                                                      No. 3:18-CV-616 (MPS)

ROBERT CIPOLLA, et al.,

    Defendants.

## ORDER

The parties have submitted a series of discovery disputes to the Court, which are described in the attached correspondence. (This order pertains only to the discovery disputes set forth in that correspondence, not to requests for extensions of time, which must be made by motion under Local Rule 7.). The plaintiff raises two issues: (1) a request to "strike, seal and otherwise render inadmissible" the deposition testimony she reportedly gave on September 24, 2019, on the ground that the court reporter had a "significant conflict of interest," and (2) a request "to obtain an independent forensic examination of the computer server" of the Wilton Police Department to obtain "information/materials/recordings" related to the plaintiff and her family. The Court does not require further briefing or oral argument to resolve these two issues. Both of the plaintiff's requests are DENIED.

With regard to the first issue, the plaintiff asserts that the court reporter is married to a state judicial marshal who works in the state court in which she appeared in the criminal proceedings that gave rise to the complaint. The plaintiff also asserts, "upon information and belief," that the transcript of her deposition has been circulated among "employees of the State of Connecticut," including judicial marshals. At one point, the plaintiff also asserts that the judicial marshal who is

allegedly married to the court reporter who transcribed her deposition is an "important witness/participant/defendant in this matter," although she offers no details on how or why this is so and it is plain that no judicial marshal is, or based on the allegations of the complaint, could be a defendant in this case. The plaintiff also asserts that defense counsel provided counsel for a co-defendant with documents containing the names of her minor children. None of this is grounds for disqualifying the court reporter or otherwise "render[ing] inadmissible" the plaintiff's deposition testimony. Rule 28(c) of the Federal Rules states that "[a] deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action." Because, as noted, the judicial marshal who is allegedly married to the court reporter is not a party, and because the plaintiff does not assert that any of the other categories in the rule apply, her request is denied. With regard to her children's privacy, the plaintiff may seek a protective order from the court, and the defendants are reminded of their obligations under Fed. R. Civ. P. 5.2(a) with regard to filing any documents containing identifying information about a minor. With regard to any alleged inaccuracies in the deposition transcript, the plaintiff may challenge those in an limine motion filed 30 days before jury selection; inasmuch as she apparently arranged for a videographer to record the deposition, she may submit the video to the court, with the motion in limine and the transcript, and with a memorandum specifically pointing out any transcription errors by referencing page and line numbers. Again, that motion should be submitted 30 days before the scheduled date for jury selection and should not be filed before the parties file the joint trial memorandum.

With regard to the second request, the plaintiff's request is both procedurally and substantively flawed. First, the plaintiff must propound a document request or interrogatory to the defendants (or at least make such a request in a deposition or by letter) and only then, if they refuse to respond, may she seek the court's involvement; here, the plaintiff has attached no document

request or interrogatory and no response (or indication of a lack thereof) by the defendants. See generally Fed. R. Civ. P. 33, 34, and 37; Local Rule 37; Judge Shea's discovery dispute procedures. Second, a forensic examination of the computer server of the Wilton Police Department is not necessary or proportional to obtain what plaintiff apparently seeks, i.e., information about possible alterations to documents, audio, and dashboard camera recordings related to her case. There are other, more narrowly tailored and precisely focused tools to obtain this information, including, for example, depositions of personnel who created and/or modified the reports, document requests concerning metadata about the reports and recordings, and interrogatories asking about alterations.

For their part, the Defendants assert that plaintiff agreed to provide a series of documents at her deposition, including (1) any text messages between plaintiff and Asma Ahmad, (2) audio recordings plaintiff made of conversations with the Wilton Defendants, (3) correspondence, including emails and texts, between the plaintiff and Debbie Lee, (4) video/audio that plaintiff claims shows the defendants using slurs, (5) a written finding of neglect DCF issued as a result of the incident that is the subject of this action, (6) an itemization of medical damages allegedly incurred by the plaintiff and a list of the medical providers who treated the injuries she allegedly suffered, and (7) documents showing her efforts to re-establish her medical practice in 2017-18. Because all of these documents are relevant to the plaintiff's claims and because the defendants assert that they were specifically requested at the deposition, the plaintiff is hereby ORDERED to provide these documents to the defendants within 14 days of this order to the extent she possesses or has custody or control over such documents.

IT IS SO ORDERED.

\_\_\_/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
December 2, 2019