UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NEELU PAL,
    Plaintiff,
vs.

ROBERT CIPOLLA, et. al.
    Defendants

No.:3:18-cv-00616(MPS)

July 5, 2020

NOTICE – SUPPLEMENTAL INFORMATION IN OPPOSITION TO WILTON DEFENDANTS' MOTION TO STRIKE

In support of her Opposition to Wilton Defendant's Motion to Strike, Plaintiff submits to the Court the following Supplemental information and Exhibits:

1. Defendants have repeatedly falsely stated that they had no notice that Plaintiff's child witnessed Robert Cipolla removing money and jewelry from Plaintiff's home on 4-29-2015.

2. By their own admission based upon their discovery productions, Defendants have been on notice since at least 7-25-2018 of Plaintiff's child's expected statements.

3. On or about 10-30-2019 Defendants produced documents in response to Plaintiff's discovery demand. The first page of this production is Plaintiff's letter of complaint, dated August 18, 2015, addressed to the Wilton Police Chief. Defendant's discovery response with the letter of complaint is attached as **EXHIBIT A-*pl***.

4. Plaintiff's letter of complaint dated August 18, 2015, and stamped as "1st Selectman's Office, July 25, 2018", clearly states "my daughter told me she saw one of the cops walking around inside the house, looking through drawers and closets and that he removed money and gold jewelry which was in the house". (**EXHIBIT A-*pl***, at 3).

5. During her depositions and interrogatory responses Plaintiff identified the "cop" who had removed the money and gold jewelry from her home as Defendant Robert Cipolla.

1

6. During Plaintiff's deposition testimony of 9-24-2019 Attorney James Tallberg stated to Plaintiff: "My clients have your children's name in the police reports. It's not a secret" (**EXHIBIT B- *pl***, excerpt Plaintiff's deposition testimony 9-24-2019, pg. 36).

7. Multiple defendant Wilton police officers including defendant Robert Cipolla wrote police reports stating Plaintiff's children's names and dates of birth, identified as JV1 and JV2. Defendants have produced this in redacted form as their Exhibit B for MSJ (the portion of Defendant's Exhibit B is attached herein as **EXHIBIT C- *pl***).

8. Defendants cannot continue to falsely claim ignorance of Plaintiff's child's name and information/statements that the child would provide regarding defendant Robert Cipolla.

Defendants have filed an untimely reply beyond the 7 day time limit for filing. If Defendants believe that the Hon. Thomas Farrish and this Court have erred, they have the ability to Appeal that erroneous decision or order. The Defendnats should not be permitted to continue to make blatant false statements to the Court regarding discovery which has been available to them from the earliest stages of this matter. Defendants' continued attempts at obtaining an order and dismissal through blatant false statements are a literal fraud upon the Court

CONCLUSION

For all the reasons stated above, and any other that the Court considers just, the Defendants' Motion to exclude relevant and admissible evidence must be denied entirely.

DATE: July 5, 2020

THE PLAINTIFF

By Neelu Pal, MD
606 Post Road East # 523
Westport CT 06880
neelupal@hotmail.com