## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| NEELU PAL,<br>    *Plaintiff*,<br><br>v.<br><br>ROBERT CIPOLLA, et al.,<br>    *Defendants*. | No. 3:18cv616 (MPS) |

### RULING ON DEFENDANTS' MOTION TO STRIKE

Defendants Town of Wilton, Robert Cipolla, Robert Smaldone, Michael Tyler, and Scott Sear have filed a "motion to strike" certain exhibits that plaintiff Neelu Pal has submitted with her opposition to the defendants' motion for summary judgment. (ECF No. 184.) The motion is granted in part and denied in part.

<u>Affidavit of Pal's daughter</u>

The defendants move to preclude under Fed. R. Civ. P. 37(c)(1) the affidavit of Pal's minor daughter, in which she avers that she saw defendant Cipolla opening drawers and stealing jewelry and money. (ECF No. 179-2.)

Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court . . . may impose other appropriate sanctions . . . ." "Rule 37(c)(1) affords the Court discretion about whether to preclude evidence." *Stevens v. Landmark Partners, Inc.*, No. 3:9CV498(MPS), 2013 WL 12073445, at *2 (D. Conn. Apr. 4, 2013). In exercising this discretion, the Court should consider four factors: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result

of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (internal quotation marks omitted).  Preclusion is an extreme sanction.  *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988).

In support of their request, defendants argue that Pal failed to timely disclose her daughter's knowledge in violation of Rule 26.  (ECF No. 184 at 1.)  They point to Pal's response to Interrogatory 15, which sought information about potential witnesses.  Defendants assert that Pal's response failed to give them sufficient notice of the nature of her daughter's alleged knowledge.  According to the defendants, they "first became aware of the alleged information known to the minor when they received an unredacted copy of Pal's daughter's affidavit, via email, on June 15, 2020."  (ECF No. 184-1 at 3.)  They contend that Pal's "failure to timely disclose this information denied defendants the opportunity to depose the minor affiant as they were not fairly on notice of the affiant's known information . . . ."  (ECF No. 184 at 7.)

I find that preclusion is not warranted.  In her July 29, 2019 response to defendants' interrogatories, Pal identified her daughter as a witness (see ECF No. 185-1 at 16), although as defendants correctly observe, Pal did not provide her daughter's name or provide the requested "brief summary of the known information."  Even so, there was sufficient indication in the record that Pal's daughter was a percipient witness as to the allegation that Cipolla committed theft.  First, Pal alleged in her complaint that her "child/children[1]" witnessed Cipolla "opening drawers and closets in the home and examining and removing contents of the drawers/closets. The audio recorded from Defendant ROBERT CIPOLLA's body microphone shows that he was walking and searching through the upstairs portion of Plaintiff's home, and at one point was surprised when the Plaintiff's child walked into the bedroom and observed him engaging in searching and removing

---

[1] The defendants knew that Pal had two children – a son who was four at the time and a daughter who was nine.

contents from drawers and closets." (ECF No. 49 at ¶ 56.) Pal further alleged that she discovered money and jewelry were missing. (*Id.* at ¶ 57.)

Second, Pal wrote a letter to the Wilton Chief of Police in August 2015 about the April 2015 encounter stating that "my daughter told me that she saw one of the cops walking around inside the house, looking through drawers and closets and that he removed money and gold jewelry which was in the house." (ECF No. 177-52 at 3.) Pal points out that the defendants had notice of her allegations in the letter because they produced the letter in response to her discovery requests. (ECF No. 187.)

Finally and most significantly, during her September 24, 2019 deposition, Pal testified that her daughter told her she saw Cipolla "walking around upstairs" and "opening the door -- the closets and the drawers, and he was going through stuff." (ECF No. 185-2 at 155.) Pal further testified that her daughter said that she "saw him in the bedroom and she believes she saw him take the – the items." (*Id*.) Although defendants contend that this testimony was too vague to provide them notice of to the minor child's knowledge (ECF No. 186-4), and came too late,[2] I disagree and find that the defendants have not shouldered their burden of demonstrating that preclusion is warranted.

Assistant State's Attorney Donogue

Defendants next move to strike Plaintiff's exhibits 10 and 10a, a recording of a conversation Pal had with Assistant State's Attorney Donoghue[3] that Pal surreptiously recorded and a transcript that Pal prepared.[4] Pal submitted Donoghue's statements in opposition to the defendants' motion for summary judgment and in support of her claim that she should not have been prosecuted. Defendants argue that this evidence should be precluded because it is hearsay.

---

[2] The defendants did not move for summary judgment until April 2020. See ECF No. 152.

[3] Assistant State's Attorney Donoghue was the prosecutor in the underlying state criminal case.

[4] Pal states that she transcribed the audio using "text conversion software with minimal editing for clarity and to identify speakers." (ECF No. 177-1 at ¶ 222.)

"The principles governing admissibility of evidence do not change on a motion for summary judgment." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir.1997); *see Barlow v. Connecticut*, 319 F. Supp.2d 250, 257 (D. Conn. 2004), *aff'd*, 148 Fed. App'x 31 (2d Cir. 2005). Thus, a court may only consider admissible evidence when ruling on a motion for summary judgment. *Merry Charters, LLC v. Town of Stonington*, 342 F. Supp.2d 69, 75 (D. Conn. 2004).

"'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The recording and the transcript are unsworn, out-of-court statements. To the extent that such statements are offered to prove the truth of the matters asserted therein, they are hearsay. Fed. R. Evid. 801(c). *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Sch.*, No. CIV 02-1146, 2007 WL 2363147, at *4 (D.N.M. June 27, 2007) (Nonparty's statements in a secretly recorded conversation were excluded as inadmissible hearsay); *Reddick v. Niagara Mohawk Power Co.*, No. 5:08-CV-0995, 2010 WL 5185098, at *10 (N.D.N.Y. Dec. 16, 2010) (recording and transcript of secretly taped conversation was inadmissible hearsay). Because Pal has not suggested any exception to the rule against hearsay that would permit their admission, the Court will not consider these exhibits in ruling on the motion for summary judgment.

IT IS SO ORDERED.

                                                    _____/s/_____
                                                    Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
                November 23, 2020