# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| NEELU PAL,<br>    *Plaintiff*,<br><br>v.<br><br>ROBERT CIPOLLA, et al.,<br>    *Defendants*. | No. 3:18cv616 (MPS) |

## RULING ON MOTION FOR SUMMARY JUDGMENT FILED BY AMBULANCE DEFENDANTS

Neelu Pal has sued the Town of Wilton, certain Wilton police officers, and Wilton Ambulance employees Daniel Monahan and Richard Janes (the "Ambulance Defendants") asserting constitutional and state law claims arising from an April 2015 incident in which police and the Ambulance employees were dispatched to her home. (ECF No. 49.) The Ambulance Defendants have moved for summary judgment. (ECF No. 147.) For the reasons set forth below, the motion for summary judgment is GRANTED in part and DENIED in part.

I assume familiarity with (1) the allegations of the operative complaint (ECF No. 49), (2) the Court's ruling on the Wilton Defendants' motion for summary judgment which is also issued today, ECF No. 193 and (3) the parties' submissions (ECF Nos. 147-151, 176-77).[1] The Court rules as follows:

---

[1] As indicated in the Court's ruling on the Wilton Defendants' summary judgment motion, and as indicated by the Ambulance Defendants here, the complaint fails to differentiate among the defendants, alleging instead violations by "the defendants" and incorporating all the factual allegations under each count. Monahan and Janes construe the complaint as asserting only state law claims (assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress) against them. To the extent that the complaint is construed as asserting other claims, they adopt the arguments made in the motion filed by their co-defendants. (ECF No. 176 at 1.)

1.      As to the claims asserted in Count 1 - illegal entry, false arrest, illegal seizure for involuntary medical examination, and First Amendment retaliation – there is no evidence in the record to support these claims against the Ambulance Defendants.  The same is true for Count 2, which alleges excessive force by the Wilton police officers in connection with Pal's arrest, and Count 3, which alleges an unlawful search with regard to the pat-down the officers conducted and Officer Cipolla's alleged search of her home.  Because the undisputed evidence demonstrates that the Ambulance Defendants were not personally involved in the alleged constitutional violations, summary judgment is granted as to these claims.

2.      Count 4 alleges malicious prosecution.  Pal claims Officer Smaldone and EMT Monahan provided false information in an affidavit in support of an arrest warrant charging her with assault and attempted assault on a public safety officer/health care personnel.  ECF No. 175 at 5; ECF No. 49 at ¶ 63 (alleging that Smaldone and EMT Monahan "created affidavits that contained false statements and information[ ] to support a warrant" for her arrest and subsequent prosecution.) These charges were based on EMT Monahan's and Smaldone's statements that Pal struck Monahan and tried to bite Smaldone.  EMT Monahan avers his statement was true, ECF No. 149 at ¶ 26, but as noted in the Court's ruling, Pal has submitted evidence contradicting this assertion.  ECF No. 177-2 at 144-45, 174, 175; ECF No. 177-1 at ¶ 274.  If her version is true, the corrected affidavit in support of the warrant – without the statements that Pal assaulted Monahan and attempted to assault Smaldone - would not provide even arguable probable cause to prosecute Pal for these charges.  Therefore, summary judgment is denied as to Monahan.  Because there is no evidence in the record suggesting Janes' involvement in the alleged conduct, summary judgment is granted as to Janes on count 4.

3. Summary judgment is granted as to Monahan on Count 5, the malicious abuse of process claim, for the reasons set forth in the court's ruling on the Wilton Defendants' motion, and as to Janes because there is no evidence in the record of his involvement in the conduct underlying this claim.

4. Count 7 alleges conspiracy to violate civil rights. Pal alleges that the defendants "conspired and acted in concert to engage in conduct which was unlawful, false and fraudulent to cause the arrest, prosecution, and detention of Plaintiff." ECF No. 49 at ¶ 135. For the reasons set forth in the Court's ruling on the Wilton Defendants' summary judgment motion, the Ambulance Defendants are entitled to summary judgment on Pal's conspiracy claim based on constitutional violations of false arrest, illegal seizure, and abuse of process. However, Pal also alleges a malicious prosecution claim against Smaldone and EMT Monahan arising from her allegations that they falsified their statements concerning her conduct in the ambulance. Pal contends that she heard Smaldone tell Monahan and Janes that "we're going to teach her a lesson," that the three of them assaulted Pal in the ambulance, and that Smaldone and EMT Monahan falsely stated that she assaulted them, ostensibly to "cover up" the alleged sexual assault, resulting in her arrest and prosecution. ECF No. 177-1 at ¶¶ 155, 219. Drawing all inferences in favor of the plaintiff, a reasonable finder of fact could conclude that a conspiracy existed involving Smaldone and Monahan and that there was at least one act taken in furtherance of the conspiracy. Summary judgment as to this claim is denied as to Monahan. Because there is no record evidence of Janes' involvement in the underlying constitutional violation of malicious prosecution, summary judgment is granted in his favor on the conspiracy claim. *See Mitchell v. Cty. of Nassau*, 786 F. Supp. 2d 545, 564 (E.D.N.Y. 2011) ("a § 1983 conspiracy claim fails as a matter of law where there is no underlying constitutional violation").

5.      Count 8 alleges a state law claim of assault and battery. As to Monahan and Janes, this claim appears premised on Pal's allegations that she was assaulted in the ambulance. Specifically, Pal testified that while in the ambulance, Smaldone held her down, EMT Janes injected "her right arm with an unknown substance," and EMT Monahan "pulled down [her] clothing" and inserted his fingers into her vagina. ECF No. 177-2 at 140, 142, 145; ECF No. 177-1 at ¶¶ 159-66, 280-82. The Ambulance Defendants deny this allegation categorically but if Pal's deposition testimony and affidavit were credited, a reasonable jury could find in favor of Pal on this claim. Because there is a genuine issue of fact, summary judgment is denied as to both Monahan and Janes insofar as this claim is premised on the injection and sexual assault.

6.      Count 10 alleges a claim for intentional infliction of emotional distress. As to Monahan and Janes, this claim rests on Pal's allegations regarding the injection and sexual assault. ECF No. 176 at 9-10. This alleged conduct is sufficient to deny summary judgment on this portion of the intentional infliction of emotional distress claim.

7.      Count 11 alleges theft and larceny by Officer Cipolla. Because there is no evidence in the record to support Monahan's and Janes's personal involvement in the alleged conduct, summary judgment is granted on this count.

8.      As set forth in the Court's ruling on the Wilton Defendants' motion, Counts 9 and 12, alleging negligence, are time barred. Summary granted is granted on these counts.

For the reasons stated, I GRANT the motion for summary judgment (ECF No. 147) for (1) counts 1 - 3, 9, and 12 as to both Ambulance Defendants (2) malicious prosecution (count 4) as to Janes; (3) malicious abuse of abuse (count 5) as to both Ambulance Defendants; and (4) conspiracy to violate civil rights (count 7) as to Janes.

5

The claims that remain for a jury to decide are: (1) malicious prosecution on the charges of assault and attempted assault (count 4) as to Monahan; (2) conspiracy to violate civil rights (count 7) as to Monahan; (3) assault and battery (count 8) as to the allegations regarding the injection and sexual assault as to both Ambulance Defendants; (4) intentional infliction of emotional distress (count 10) regarding the injection and sexual assault as to both Ambulance Defendants.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:   Hartford, Connecticut
         November 23, 2020