## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NEELU PAL,
    *Plaintiff*,

v.

ROBERT CIPOLLA, et al.,
    *Defendants*.

No. 3:18cv616(MPS)

## RULING ON MOTION FOR RECONSIDERATION

Plaintiff Neelu Pal has filed a "motion to amend or alter judgment" under Fed. R. Civ. P. 59(e). ECF No. 202. She seeks reconsideration of the Court's rulings granting partial summary judgment. ECF Nos. 193, 194. The motion is denied.

As an initial matter, Pal's motion is procedurally improper. Although Pal invokes Rule 59(e) as the authority for her request, Rule 59(e) contemplates only motions to alter or amend "judgments." The Court's rulings did not adjudicate all of Pal's claims against the defendants and judgment has not entered. Therefore Rule 59(e) does not govern. *See Annan v. City of New York Police Dep't*, 2015 WL 9581812, at *1 (E.D.N.Y. Dec. 29, 2015) (finding Rule 59(e) did not apply to plaintiff's motion for reconsideration of partial summary judgment and instead construing motion under the Court's local rule governing reconsideration); *Raffe v. Am. Nat. Red Cross*, 2012 WL 140412, at *1 (N.D.N.Y. Jan. 18, 2012) (finding that Rule 59(e) was inapplicable to a motion for reconsideration of the Court's partial summary judgment ruling because "Rule 59(e) only provides for review of final judgments, not, as here, an interlocutory order.") Pal's motion cannot be evaluated under the District of Connecticut's relevant local rule providing for reconsideration because her motion is untimely. *See* D. Conn. L. Civ. R. 7(c) (motions for reconsideration "shall be filed and served within seven (7) days of the decision or order from which such relief is sought"). The orders that Pal challenges were filed November

23, 2020 and the instant motion was filed December 21, 2020. "Courts have enforced [Rule 7(c)'s] deadline strictly, even where a litigant is *pro se*." *Schlosser v. Droughn*, 2021 WL 327527, at *2 (D. Conn. Feb. 1, 2021).

Moreover, even if I were to consider the motion on the merits, Pal has not met "strict" standard governing such motions. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration motions are 'a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances.'" *Wachovia Mortg., FSB v. Toczek*, 841 F. App'x 267, 272 (2d Cir. 2021) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). "A motion for reconsideration is committed to the sound discretion of the court." *Lamberty v. Connecticut State Police Union*, 2021 WL 1163055, at *7 (D. Conn. Mar. 26, 2021). Pal does not point to any intervening change of controlling law or new evidence. Rather, she takes issue with the Court's evaluation of various pieces of evidence. (ECF No. 202 at 2.) A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *See Shrader*, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.") Pal has not demonstrated the need to correct a clear error or prevent a manifest injustice. In short, Pal's arguments amount to nothing more than a "disagreement between an understandably disappointed litigant and the court." *Aquilio v. Police Benevolent Assoc. of the New York State Troopers*, 1994 WL 494639, at *4 (N.D.N.Y. August 15, 1994).

For these reasons, the plaintiff's motion (ECF No. 202) is denied.

IT IS SO ORDERED.

Dated: May 14, 2021
       Hartford, Connecticut

                                    /s/
                            Michael P. Shea, U.S.D.J.