UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NEELU PAL,
    *Plaintiff*,

v.

ROBERT CIPOLLA, et al.,
    *Defendants*.

No. 3:18cv616 (MPS)

**RULING ON MOTION TO DISMISS**

### I.    Introduction

Immediately before the prospective jurors were brought to the courtroom in this case for jury selection on January 20, 2023, the pro se plaintiff, who was noticeably coughing, reported that she had tested positive for COVID-19. After taking a recess to consult with the Court's science advisor and reporting the substance of that consultation to the parties, I cancelled the jury selection. Counsel for one group of defendants (the "Wilton Defendants") orally moved to dismiss the case, arguing that the plaintiff's failure to report her positive COVID test sooner had wasted time and resources and had exposed all those in the courtroom to the risk of infection. ECF No. 189. Counsel for the remaining defendants (the "Ambulance Defendants") joined the motion. The Court directed defense counsel to file written motions on the docket, and those motions are now fully briefed. See ECF Nos. 291, 292. After reviewing the papers and supporting materials, I DENY in part and DENY without prejudice in part the defendants' motion. The circumstances do not warrant the harsh remedy of dismissal. Nor do they warrant an award of all trial preparation fees incurred by defendants, which the defendants have sought as an alternative.

The circumstances do warrant, however, a narrower sanction tied to the timing of the plaintiff's misconduct, which occurred the day before and the morning of the January 20 selection. On January 19, the plaintiff tested positive for COVID-19. The plaintiff did not notify the Court

or defense counsel about this, however, despite the fact that I had, upon the filing of the plaintiff's "emergency motion" about two weeks before trial, cancelled an in-court pretrial conference and shifted the conference to an online proceeding over Zoom based on a last-minute report by the plaintiff of a positive COVID test on the day of the scheduled pretrial conference. I find that there was nothing preventing the plaintiff from similarly notifying the Court and counsel – through the filing of a similar motion – that she had tested positive for COVID-19 the day before jury selection. Such a notification would have prompted me to cancel the jury selection and postpone the trial and thus would have spared the prospective jurors the need to travel to the courthouse and defense counsel the need to engage in last-minute preparations and to come to court with their clients on January 20. There was no reasonable excuse for the plaintiff's failure to take the basic step of notifying the Court and counsel, and the plaintiff's failure caused court personnel, prospective jurors, defense counsel, and the defendants unnecessary time and expense.

Accordingly, I will permit defense counsel to recover any attorney's fees incurred on the afternoon of January 19 and the morning of January 20, 2023, provided they file contemporaneous time entries reflecting the work done. A redacted version of such time entries may be filed to remove references to genuine work product or other genuinely privileged information, provided that a full, unredacted version of the time entries is filed under seal. **Any such filing shall be made within 14 days of this order, and the plaintiff shall have 14 days to object to the reasonableness of any fees incurred.** No replies are allowed.

In addition, the plaintiff's failure to timely notify the Court resulted in 49 prospective jurors traveling – needlessly – to the courthouse. Prospective jurors are compensated by the Court for their mileage; in addition, they receive $50 each for the inconvenience and missed work opportunity occasioned by the requirement that they attend jury selection. The Clerk of the Court

issued payments totaling $1,249.35 for these individuals' roundtrip mileage and $2,350 for the 49 $50 payments. The plaintiff shall reimburse the Clerk of the Court for these expenses in the total amount of $3,599.35.[1] She shall do so by providing a check or money order made out to the Clerk of the District Court **within 21 days of this order**.

## II.     Background

I assume the reader's familiarity with the briefs and record in this case, including the January 20, 2023 court proceeding, a transcript of which is available at ECF No. 287. By way of summary, the key circumstances leading to the filing of the defendants' motion to dismiss are these:

- On December 2, 2022, following a status conference with the parties, I scheduled jury selection in this case for January 20, 2023, with evidence to begin immediately thereafter. ECF No. 227.[2] I also scheduled a pretrial conference for January 9, 2023. ECF No. 235.

- On January 9, 2023, the day of the pretrial conference, the plaintiff filed an "emergency motion" to cancel or postpone what was then scheduled to be an in-court appearance because she had tested positive with COVID-19. ECF No. 237. I granted the motion and ordered that the conference be held the same day over Zoom. ECF No. 239.

- At the January 9, 2023 pretrial conference, the plaintiff, who was at her home and appeared over Zoom, was coughing frequently and generally did not appear well (although she felt well enough to make various arguments to support her efforts to call her witnesses and introduce her exhibits at the trial). The pretrial conference was not completed, and I scheduled a second pretrial conference, also over Zoom, for January 11, 2023. ECF No. 241.

- At the January 11, 2023 pretrial conference, held over Zoom, the plaintiff appeared considerably better and I do not recall her showing significant symptoms, such as coughing. She also vociferously advocated her positions. By all appearances, her COVID-19 was on the mend.

---

[1] A document showing the total payments to the prospective jurors – with the names of jurors and the signature of a court employee redacted – is attached to this ruling as Exhibit A.

[2] On April 14, 2022, I issued an order scheduling jury selection for January 18, 2023. ECF No. 216. On December 2, 2022, I rescheduled jury selection to January 20, 2023. ECF No. 227.

- On January 20, 2023, 49 prospective jurors arrived, as summoned, at the federal courthouse in Hartford. Court convened at 8:49 am. I began by noting that the plaintiff and counsel for the defendants, along with the defendants themselves, were present, and began providing some final instructions regarding the jury selection. I also confirmed some information with the plaintiff about her nationality for purposes of the voir dire. The prospective jurors were waiting in the jury assembly room.

- A few minutes after I began speaking, I offered some water to the plaintiff, who was coughing. She then reported that she had tested positive for COVID. I asked the plaintiff if the "line" on her at-home COVID test was light (potentially indicating a receding infection) or dark, and she reported that it was dark. I recessed the proceeding to consult with the Court's science advisor, who, as I told the parties when I reconvened a few minutes later, advised that having an actively infectious person in the courtroom made it unsafe to proceed with the jury selection.

- I then asked the plaintiff more about the circumstances of the testing and why she had not notified the Court sooner that she had tested positive. She reported that she had tested positive "yesterday" and again the morning of jury selection. She said that she had not filed a motion or otherwise notified the Court of her positive test because she was concerned the Court would dismiss her case if she filed a motion to postpone the jury selection. I responded that I had not taken that action when she had filed her "emergency motion" on January 9.

- Counsel for the Wilton Defendants made an oral motion to dismiss the case, arguing that the plaintiff had wasted time and expense and had unnecessarily exposed everyone in the courtroom to the risk of a COVID infection by not raising earlier the fact that she had tested positive. I directed counsel to file a written motion, which he did on January 27, 2023. The plaintiff filed a response on February 10, 2023. The defendants filed a reply on February 15, 2023. The Ambulance Defendants joined in the Wilton Defendants' motion.

- There is no evidence suggesting the plaintiff made any attempt to notify the Court or defense counsel of her positive test, and renewed coughing symptoms, at any time before she reported it to me in the courtroom, even early on the morning of jury selection; while notifying the Court and counsel early on the morning of jury selection would have been far from ideal, it would likely have spared defense counsel and their clients the need to come to court.

### III.   Discussion

The relief the defendants seek – dismissal and/or the attorneys' fees and expenses incurred in preparing for trial beginning in 2022 – would be disproportionately harsh. Dismissal is a harsh

4

remedy, and the plaintiff could not have prevented the reappearance of her COVID symptoms. Further, had the plaintiff properly notified the Court and defense counsel of her positive test on January 19, 2023, or even early in the morning on January 20, I would still have cancelled the jury selection and postponed the trial. (Unlike the situation on January 9, I would not have resorted to a Zoom option for the trial.) In that event, defense counsel would not have been spared the time and expense of trial preparation earlier in January and in December 2022. So neither basic fairness nor the record in this case supports the remedies the defendants seek. But they do support a narrower remedy. Had the plaintiff acted on January 19, 2023, the defendants would have been spared the need for final preparations on the afternoon and evening of January 19 (assuming, as seems reasonable, that the notice had arrived in the morning) and the morning of January 20, including traveling with their clients to court. Further and just as importantly, the prospective jurors would have been spared the need to travel to the courthouse on January 20 and the Court would not have been required to reimburse them for mileage and attendance.

      The plaintiff's excuse that she was concerned that providing such notification would have led me to dismiss her case is not supported by the record. While I have given the plaintiff warnings in this case about possible sanctions, up to and including dismissal, if she engaged in (or continued to engage in) certain conduct, see, e.g., ECF No. 107, I have never suggested that I would dismiss her case if she did not show up in court and proceed with the case at a time that she was genuinely ill, see ECF No. 287 at 17. As noted, my response to her "emergency motion" on January 9 suggests that the reverse is true. And her apparent improvement at the second pretrial conference held on January 11, 2023, during which she showed few if any symptoms discernible over Zoom, gave me no reason to believe that she would again test positive or be experiencing more intense symptoms by the time of the January 20 jury selection.

The plaintiff now suggests that she did not, in fact, test positive on January 19 and did not do so instead until the morning of January 20. ECF No. 239 at 4. She further suggests that it was too early in the morning on January 20 to notify the Court when she tested positive, that she only had limited time that she needed to spend driving to the courthouse, and that there was therefore not enough time to notify the Court or counsel of her positive COVID test on the morning of January 20. I do not find any of these suggestions credible. On January 20, the plaintiff volunteered that she had tested positive "yesterday" as well as on the morning of January 20. ECF No. 287 at 18 ("I tested positive yesterday. The day before I tested negative. This morning I tested positive immediately prior to coming here."). And when asked to explain her decision not to notify the Court, she said nothing about not having enough time but instead asserted only that she did not notify the Court because she was concerned that I would dismiss her case if she did so. See, e.g., ECF No. 287 at 16 ("Q: What is it that led you to believe it would be a good idea not to file something, ma'am? A: *The only reason that I did not do that*, Your Honor, is going back to your order saying that the trial would – date would not be continued." (Emphasis added).)

It is true that at the January 20 proceeding, after she volunteered that she had tested positive "yesterday," the following colloquy ensued:

> The Court: "You said you tested positive yesterday. What would have prevented you from saying -- "
>
> The Plaintiff: "I'm sorry. I misspoke. I misspoke, your Honor. I have been – because I have children of my own, I am in isolation. I live in New York, but I have actually – I'm actually staying in Connecticut …. I test myself every day – I mean every two days, and I took Paxlovid. There have been a few tests that have been negative. However, because … the test is not supersensitive you can test negative after Paxlovid and still have the symptoms and then start testing positive again, which is what happened."
>
> The Court: "… But it's not just that you tested positive this morning, ma'am, and yesterday. You were coughing a blue streak today. It seems to me common sense that you would have alerted the Court."

6

ECF No. 287 at 18-19. I had the opportunity to observe the plaintiff's demeanor at the January 20 proceeding, and based on her statements, her demeanor, and the circumstances, which included the fact that I was expressing frustration to the plaintiff that she had not notified the Court sooner, I find that the plaintiff was telling the truth and did not misspeak when she said that she tested positive "yesterday" and that she was not telling the truth when she backtracked, after observing my annoyed reaction, and said that she had tested positive only the morning of January 20 and was testing only every two days. I also find it unlikely that the severe cough she displayed on the morning of January 20 first reappeared that morning. So I believe the plaintiff was telling the truth when she volunteered that she "tested positive yesterday," "[t]he day before I tested negative," and "[t]his morning I tested positive immediately prior to coming here." ECF No. 287 at 18. For these reasons, I do not find credible her later statement that she "misspoke" or the suggestion in her February 10, 2023 declaration that she did not test at all on January 19, see ECF No. 293 at 1 ("Between the dates of 1-10-23 and 1-19-2023 I performed serial COVID 19 Rapid Antigen tests on 1-13-2023, 1-16-23 and 1-18-23 each of which was negative.")

Further, as noted above, even if the plaintiff was telling the truth about testing positive only the morning of January 20 – and I find that she was not –, she still has offered no excuse supported by the record why she failed to notify counsel and the Court – through the filing of a motion or at least a phone call to the Clerk's office – on the morning of January 20 before I convened proceedings. The plaintiff's declaration indicates that she received a positive COVID result at 7:15am. (ECF No. 293-1 at 2 ¶ 27.) I had ordered the parties to convene in the courtroom for jury selection by 8:45am. Even if, as she avers in her declaration, she had a long drive to the courthouse, she still had time to call the Clerk's office and call or send an email to defense counsel; at worst, she could have called from her car. While such a call likely would not have spared the need for

most jurors to come to the courthouse (because they typically arrive between 7:30am and 8am), it would have provided enough time for me to cancel the jury selection and spare counsel's and potentially their clients' travel to the Court.  Further, such a call would have shown good faith on the plaintiff's part and a reasonable attempt to spare counsel and the court unnecessary time and expense -- and would have made it more likely that I would have found credible her statement that she "misspoke" when she volunteered that she had tested positive the day before jury selection. But the plaintiff never made such a call.

### IV. Conclusion

For the foregoing reasons, the Court DENIES in part and DENIES without prejudice in part the defendants' motion.  As noted, if the defendants wish to file time entries reflecting time – and any expenses – incurred on the afternoon and evening of January 19 and the morning of January 20, they must do so by August 25, 2023.

**By September 1, 2023,** the plaintiff shall pay to the Clerk of the Court a total of $3,599.35 as reimbursement of the funds the Court paid for prospective jurors' mileage and attendance.[3]

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            August 11, 2023

---

[3] The plaintiff in this case is not indigent.  She is a licensed physician and, according to the video evidence presented to the court in this and a related case, lived during the relevant events in a large home in Wilton, Connecticut, one of Connecticut's wealthiest towns.  See https://moneyinc.com/richest-towns-in-connecticut/.